# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 16-580V

Filed: September 22, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DOLORES SMOOT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Neuromyelitis Optica ("NMO"); |
| v. | * | Influenza ("flu") Vaccine. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*John Howie, Jr., Esq.*, Howie Law, PC, Dallas, TX, for petitioner.
*Althea Davis, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On May 16, 2016, Dolores Smoot ["Ms. Smoot" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she suffered from neuromyelitis optica ("NMO") after receiving the influenza ("flu") vaccine on November 1, 2013. Stipulation, filed September 22, 2022, at ¶¶ 1-4. Respondent denies that the flu vaccine caused petitioner's injury. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. On September 22, 2022, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

1) **A lump sum of $200,620.96,** which represents compensation for first year life care expenses ($50,620.96) and combined lost earnings and pain and suffering ($150,000.00), **in the form of a check payable to petitioner, Dolores Smoot.**

2) **A lump sum of $39,657.60,** which represents reimbursement of a Medicaid lien for services rendered to petitioner by the State of Ohio, **in the form of a check payable jointly to petitioner and the Treasurer of the State of Ohio.**

3) **An amount sufficient to purchase the annuity contract described in paragraph 10 below**, paid to the life insurance company from which the annuity will be purchased.

This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DOLORES SMOOT,                          )
                                        )
              Petitioner,               )
     v.                                 )
                                        )    No. 16-580V
SECRETARY OF HEALTH                     )    Special Master Roth
AND HUMAN SERVICES,                     )    ECF
                                        )
              Respondent.               )
_____)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Dolores Smoot, petitioner, filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received flu vaccination on November 1, 2013.[1]

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered from neuromyelitis optica ("NMO") as a result of

receiving the flu vaccine, and that she experienced the residual effects of this injury for more

than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on her behalf as a result of her condition.

_____

[1] On November 1, 2013, petitioner also received a pneumococcal polysaccharide vaccine, which
is not contained in the Vaccine Injury Table.

6. Respondent denies that the flu vaccine caused petitioner to suffer from NMO or any

other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

> a. A lump sum of $200,620.96, which amount represents compensation for first year life
> care expenses ($50,620.96) and combined lost earnings and pain and suffering
> ($150,000.00), in the form of a check payable to petitioner;
>
> b. A lump sum of $39,657.60,[2] which amount represents reimbursement of a Medicaid
> lien for services rendered to petitioner by the State of Ohio, in the form of a check
> payable jointly to petitioner and
>
> > Treasurer, State of Ohio
> > Ohio Tort Recovery Unit
> > 5475 Rings Road, Suite 200
> > Dublin, OH 43017
> > Case Number: 1066593
> > Attn: Kelly Hagan
>
> Petitioner agrees to endorse this check to Treasurer, State of Ohio.
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10
> below, paid to the life insurance company from which the annuity will be purchased (the
> "Life Insurance Company").
>
> These amounts represent compensation for all damages that would be available her under 42

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or
cause of action the State of Ohio may have against any individual as a result of any Medicaid
payments the Ohio Program has made to or on behalf of Dolores Smoot as a result of her alleged

U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, Dolores Smoot, pursuant to which

the Life Insurance Company will agree to make payments periodically to petitioner as follows

for the following items of compensation:

a. For future unreimbursable Medicare Part B Premium, Medigap Premium and Maximum out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,099.20 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

b. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,290.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Ibuprofen, Docusate Sodium, Lidocaine, PCP Mileage, Neurology Mileage, Urology Mileage, Center for Spine Health Mileage, and Endocrinology Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $492.75 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

vaccine-related injury suffered on or about November 1, 2013, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

3

d. For future unreimbursable Hospital Bed, Scooter Lift, Scooter & Lift Maintenance, Shower Transfer Bench, Bedside Commode, Lift Chair, Adaptive Devices, and Rollator Walker expenses, beginning on the first anniversary of the date of judgment, an annual amount of $738.30 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Electric Scooter expenses, on the anniversary of the date of judgment in year 2030, a lump sum of $1,688.00. Thereafter, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $168.80 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Incontinence Diaper, Glove, Wipe, and Medical Alert expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,950.71 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Tub Safety Bar expenses, on the first anniversary of the date of judgment, a lump sum of $101.00, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $16,790.00 to be paid up to the anniversary of the date of judgment in year 2030. Thereafter, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $41,975.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Dolores Smoot, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Dolores Smoot's death.

4

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

5

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on November 1, 2013, as identified in a petition for vaccine compensation filed on or about May 16, 2016, as amended May 14, 2018 and May 29, 2019, in the United States Court of Federal Claims as petition No. 16-580V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

6

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged NMO or any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/

/

/

7

Respectfully submitted,

**PETITIONER:**

DOLORES SMOOT

**ATTORNEY OF RECORD FOR
PETITIONER:**

JOHN R. HOWIE, JR., ESQ.
HOWIE LAW, P.C.
2608 Hibernia St.
Dallas, Texas 75204
Tel: (214) 622-6340
jhowie@howielaw.net

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Dale P. Mishler, DHSc, for
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Attia Walker Davis
by Heather L Pearl
ALTHEA WALKER DAVIS
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-0515
Althea.Davis@usdoj.gov

Dated: 09/20/2022

8